IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST**, <br><br> Plaintiff, <br><br> *v.* <br><br> **ALL BEST CONTRACTORS CORPORATION,** et al., <br><br> Defendants. | **CIVIL ACTION** <br><br><br> **NO. 24-6552-KSM** |

**MEMORANDUM**

**MARSTON, J.**                                                              **May 6, 2026**

Plaintiff Selective Insurance Company of the Southeast brings a claim for breach of

contract against its insured, Defendant All Best Contractors Corporation, seeking rescission of

the contract and a declaratory judgment that it need not defend All Best in underlying state court

actions brought by former-Defendants Joseph and Bonni DiRenzi (the "DiRenzi action") and by

former-Defendant David Birnbaum, Esquire, as administrator of the Estate of Fabiano Da Silva

Gomes (the "Gomes action").  (*See* Doc. No. 1.)  Selective moves for default judgment as against

All Best.  (Doc. No. 18.)  For the reasons discussed below, the motion is granted.

I.      FACTUAL ALLEGATIONS[1]

On July 26, 2021, All Best submitted an application for commercial insurance coverage

to Selective.  (Doc. No. 1 at 5; Doc. No. 1-4 at 2.)  The application identified Abdulkadir Bana as

---

[1] In deciding this motion for default judgment, the Court accepts as true the factual allegations (other than those as to damages) contained in the Complaint.  *See Serv. Emps. Int'l Union Local 32BJ Dist. 36 v. ShamrockClean Inc.*, 325 F. Supp. 3d 631, 635 (E.D. Pa. 2018).

All Best's president and sole owner, and it listed Abdulkadir Bana/All Best's contact information as 856.316.9402 (phone), all_contractors66@yahoo.com (email address), and 1403 Greeby Street, Philadelphia, Pennsylvania, 19111 (mailing address). (Doc. No. 1-4 at 6.) Selective accepted the application and issued a commercial lines insurance policy with a policy period of July 22, 2021 to July 22, 2022 (the "Policy"). (Doc. No. 1 at 6; Doc. No. 1-3 at 19.) By accepting the policy, All Best agreed that the statements made in the application and on the Policy's declarations page were accurate and complete and acknowledged that the Policy was issued in reliance on those representations. (Doc. No. 1 at 32–33.) The declarations page, like the underlying application, listed the Greeby Street address as All Best's mailing address. (*Id.* at 33.)

The Policy contains several coverage parts, including a commercial general liability coverage part and a commercial umbrella coverage part. (Doc. No. 1 at 6.) As relevant here, the Policy provides that Selective has a duty to defend and indemnify All Best for claims brought against the company that arose during the policy period. (*Id.* at 6, 11.) And All Best has reciprocal duties to notify Selective that a suit has been filed against it and to cooperate with Selective in the investigation and defense of any such suit. (*Id.* at 32–33.) In this case, two personal injury actions were filed against All Best in state court related to incidents that occurred during the policy period. The Court discusses each action in turn.

### A.    The DiRenzi Action

First, on January 10, 2024, the DiRenzis named All Best as a defendant in a negligence action to recover damages for injuries that Mr. DiRenzi suffered at a job site where All Best was the contractor responsible for performing framing work. (Doc. No. 1 at 18.) Mr. DiRenzi

alleged that on March 28, 2022, he was "installing plumbing mechanicals" when he fell through an opening on the second floor and landed in the basement. (*Id.* at 18–19.)

Selective learned about the DiRenzi action on February 5, 2024, about a month after All Best was joined as a defendant, via a letter from one of the codefendants in that action. (*Id.* at 19.) As required by the Policy, Selective took on All Best's defense in that action pursuant to a reservation of rights. And to that end, over the next six months, Selective took exhaustive steps to locate Mr. Bana—or any other representative of All Best who could assist in the defense of the DiRenzi action—but those steps were unsuccessful:

| Date | Effort | Result |
|---|---|---|
| February 3, 2024 | Selective calls 856.316.9402 | No answer; voicemail left |
| February 7, 2024 | Selective calls 856.316.9402 | Call could not connect; Selective's phone number apparently blocked |
| March 1, 2024 | Selective calls 856.316.9402 | Call unsuccessful |
| March 19, 2024 | Selective speaks with the insurance agent who assisted All Best in applying for and procuring the insurance policy | The insurance agent informs Selective that All Best has been "uncooperative and unresponsive" |
| March 20, 2024 | Selective hires a private investigator, the Robinson Group | The Robinson Group finds another phone number associated with Mr. Bana, 614.589.2225 |
| March 20, 2024 | Selective calls 614.589.2225 | Selective speaks to an individual purporting to be Mr. Bana but claiming that he has never lived or operated a business in Pennsylvania or New Jersey, nor has he ever operated a contracting or framing business in any state |
| March 21, 2024 | Selective does a property search on 1403 Greeby Street, Philadelphia, Pennsylvania, 19111 | The property is not associated with All Best or Mr. Bana in public records |

| March 21, 2024 | Selective calls 856.316.9402 | Someone picks up but remains silent; Selective hangs up and calls again and leaves a voicemail. Someone named "Dan" returns the call but denies any association with All Best or Mr. Bana |
| March 25, 2024 | Selective sends a letter to the Greeby Street address, demanding All Best's assistance in defending the DiRenzi action | No response |
| April 12, 2024 | Selective sends a reservation of rights letter via certified mail to the Greeby Street address, as well as to 6 Lindbergh Avenue, Warren, NJ 07059, an additional address on file | The Greeby Street letter is returned as unclaimed and unable to forward, and the Lindbergh Avenue letter is returned as undeliverable |
| April 12, 2024 | Selective sends a reservation of rights letter by email to all_contractors66@yahoo.com | No response |
| Late-April 2024 | Defense counsel for Selective in the DiRenzi action visits the Greeby Street address | Counsel speaks with the basement tenant, and he claims no knowledge of or affiliation with All Best |
| Late-April 2024 | Defense counsel for Selective in the DiRenzi action visits the Greeby Street address | No answer |
| Late-April 2024 | Defense counsel for Selective in the DiRenzi action visits the Greeby Street address | No answer |
| Late-April 2024 | Defense counsel for Selective in the DiRenzi action visits the Lindbergh Avenue address | Counsel finds an empty lot at the address[2] |
| May 14, 2024 | Defense counsel for Selective in the DiRenzi action engages a second private investigator, R.M.G. Investigations, Inc., to find Mr. Bana | R.M.G. is unable to locate a Mr. Bana associated with All Best, nor is it able to associate any of the known phone numbers or |

---

[2] Later filings suggest that the Lindbergh Avenue address is not an empty lot, but Selective's counsel was unable to confirm either way at the default judgment hearing.

| | and/or establish a point of contact for All Best | addresses with a representative of All Best |
|---|---|---|
| May 15, 2024 | R.M.G. makes an unannounced visit to the Greeby Street address | R.M.G. speaks with the first-floor resident, who explains that the address has been rented to him exclusively for two years and that he does not know Mr. Bana or All Best |
| July 24, 2024 | R.M.G. makes an unannounced visit to an address associated with All Best's rumored manager, Carlos Fabricante: 3244 Ryan Avenue, Philadelphia, Pennsylvania 19136 | R.M.G. speaks with a resident who claims she does not know Mr. Bana, Mr. Fabricante, or All Best, but states she had been receiving mail at her address for them for years and that people have shown up to her property looking for them |
| July 24, 2024 | R.M.G. makes an unannounced visit to a second address associated with All Best's rumored manager, Carlos Fabricante: 1008 East Howell Street, Philadelphia, Pennsylvania 19149 | R.M.G. is unable to contact a resident; but speaks with a neighbor who describes the residents in a manner inconsistent with Mr. Bana and Mr. Fabricante |

(Doc. No. 1 at 19–27.)

###### B.    The Gomes Action

While Selective was trying to contact All Best or its representative in connection with the DiRenzi action, it received notice of a second suit in which All Best was named as a defendant, the Gomes action.  On January 11, 2024, Administrator Birnbaum commenced a civil action against All Best and other contracting companies, which were alleged to be alter egos of All Best and their principal, who was identified in that filing as Adriano de Souza.  (Doc. No. 1 at 28.) According to Administrator Birnbaum's complaint, Mr. de Souza "routinely created and/or dissolved the[ defendant] entities for the sole purposes of obtaining certificates of insurance" to provide general contractors, and once his company was hired for a job, he would "take advantage

of Brazilian immigrants and place them in grave danger at unsafe worksites." (*Id.*)  In the Gomes action, the deceased had been an employee of All Best or one of the alter ego companies, when, while working as a framer on a project, he fell four stories through an unguarded, unsupported drywall ceiling.  (*Id.*)

On April 2, 2024, Selective received notice of the Gomes action, again from a codefendant in that action.  (Doc. No. 1 at 28.)  Selective then spent the next few months doubling down on its efforts to locate Mr. Bana, Mr. de Souza, or another representative of All Best, but was *again* unsuccessful:

| Date | Effort | Result |
| --- | --- | --- |
| April 30, 2024 | Selective sends a reservation of rights letter via certified mail to the Greeby Street address, as well as to the Lindbergh Avenue address | Unspecified |
| April 30, 2024 | Selective sends a reservation of rights letter by email to all_contractors66@yahoo.com | No response |
| June 12, 2024 | Defense counsel for Selective in the Gomes action engages private investigator, Wilson Investigations, Inc., which runs a search of electronic databases | The search returns no definitive results for contact information for Mr. Bana |
| June 14, 2024 | Wilson Investigations visits the Greeby Street address | The investigator speaks with a Portuguese woman who declines to provide her name, but states that she has rented the home for two years and that she does not know Mr. Bana or All Best |
| June 21, 2024 | Wilson Investigations visits 248 McClellan Avenue, West Berlin, New Jersey, another potential address for All Best | The investigator speaks with the resident who claims to be the brother of "Abdul Kadir," a civil engineer, who, according to the resident, was not home at the time |

| | | and was not involved in the construction industry |
|---|---|---|
| June 25, 2024 | Wilson Investigations speaks with the first owner of the property at the Greeby Street address | The first owner claims no familiarity with the names Abdul Kadir, Mr. Bana, or All Best |
| July 3, 2024 | Wilson Investigations travels to 5332 Route 130 North, Bordentown, New Jersey, which is listed as the office of the registered agent on All Best's filings with the New Jersey Secretary of State[3] | The investigator determines that 5332 Route 130 North, Bordentown, New Jersey does not exist<br><br>A search of the police records for All Best and 5332 Route 130 North, Bordentown, New Jersey, returns negative results |
| July 6, 2024 | Wilson Investigations speaks with the second owner of the property at the Greeby Street address | The second owner also claims no familiarity with the names Abdul Kadir, Mr. Bana, or All Best |
| July 6, 2024 | Wilson Investigations travels to 11602 Barlow Street, Philadelphia, Pennsylvania, which is allegedly owned by Abdul Kadir | The owner declines to provide her name, but she tells the investigator that she bought the property about two years ago from a man named "Kadir" |
| July 13, 2024 | Wilson Investigations speaks with Abdul Kadir at 347.264.3069 | Abdul Kadir advises that he was never associated with All Best |
| July 14, 2024 | Wilson Investigations returns to the Greeby Street address | The investigator speaks with a resident who claims he has rented the property for the last two years and does not have any information about Abdul Kadir and that the resident who lived there before was named "Gustavo" |

(Doc. No. 1 at 28–32.)

\* \* \*

---

[3] Mr. Bana is identified as All Best's registered agent in this filing.

In sum, between February 3, and July 14, 2024, Selective repeatedly contacted All Best at the phone number, email address, and physical address that All Best's agent listed in the insurance application.  And when those efforts were unfruitful, they hired three private investigators to search for All Best, Mr. Bana, or any other individual potentially associated with the company.  This resulted in more than a dozen in-person visits to at least seven addresses in Pennsylvania and New Jersey.  But despite these efforts, Selective has been forced to concede that "All Best has disappeared and cannot be found."  (Doc. No. 18 at 3.)[4]

## II.     PROCEDURAL HISTORY

On December 9, 2024, Selective filed this action against All Best for breach of contract and rescission of the insurance agreement.  (Doc. No. 1.)  Selective also named the DiRenzis and Administrator Birnbaum as nominal Defendants in connection with Selective's additional claims for declaratory judgments that it need not defend or indemnify All Best in the underlying state court actions.  (*Id.*)  Selective perfected service of the Complaint and summonses on the DiRenzis and Administrator Birnbaum in early January 2025, but unsurprisingly, service was more difficult to perfect on All Best.  (*See* Doc. Nos. 4–6, 9, 12.)

On May 19, 2025, an Affidavit of Service was filed by Brock Warner of Dennis Richman Services, indicating that service was perfected upon All Best via service on CT Corporation, which was believed to be the registered agent for All Best.  (Doc. No. 9.)  When All Best failed to timely respond to the Complaint, Selective requested entry of default, which was granted on June 26, 2025.  (*See* Doc. No. 11.)  Around a week later, Plaintiff's counsel received a "Notice of Rejected Service of Process from CT Corporation," which stated that "according to [CT's]

---

[4] The Pennsylvania Attorney General's Office is investigating "allegations of fraudulent activity related to" All Best.  (Doc. No. 18 at 5 & n.1.)

records and the records of the Secretary of State, CT Corporation was not the Registered Agent for All Best." (Doc. No. 18 at 6.)  Accordingly, Selective attempted to serve All Best via a second agent, United States Corporation Agents, which is listed as the registered agent on All Best's filings with the Pennsylvania Secretary of State.  (*See* Doc. No. 29 at 3.)  Selective then filed a second Affidavit of Service, this time affirming that service was perfected against All Best, care of United States Corporation Agents, by Gary Winfrey of Dennis Richman Services on July 22, 2025.  (*See* Doc. No. 12.)  And when All Best failed to enter an appearance in this action, Selective filed a second request for default, which this Court denied as moot because the prior entry of default against All Best had not been vacated.  (Doc. No. 14.)  Selective now moves for entry of default judgment on its claims against All Best.  (Doc. No. 18, 20.)  The Court scheduled a hearing on that motion for April 15, 2026, and ordered Selective to serve All Best with copies of the motion for default judgment and the Court's order.  (Doc. No. 21.)[5]

Once again, service on All Best proved difficult.  Selective attempted to serve the relevant motion and order on All Best by email (all_contractors66@yahoo.com), both personally and via Fed Ex at the physical address listed on the policy application (1403 Greeby Street), and via USPS certified mail at a second address associated with All Best (6 Lindbergh Avenue). (Doc. No. 23 at 1; Doc. No. 26.)  The email was returned as undeliverable because the mailbox has been disabled.  (Doc. No. 23 at 2, 14.)  And personal service at the Greeby Street address was unsuccessful because there was no answer at the home either of the times that the process

---

[5] Like All Best, neither the DiRenzis nor Administrator Birnbaum have appeared in this action; accordingly, the Clerk of Court also entered default as against them.  On November 6, 2025, Selective informed the Court that it has "settled the underlying action involving the DiRenzis." (Doc. No. 17 at 1; *accord* Doc. No. 29 at 4.)  And at the default judgment hearing on April 15, 2026, Selective's counsel informed the Court that it has also settled the claims against All Best in the Gomes action.  Accordingly, Selective no longer seeks default judgment as against these Defendants.

server went there to try to effectuate service.  (Doc. Nos. 24, 27.)  Selective was, however, able to confirm delivery via Fed Ex at the Greeby Street address (Doc. No. 24 at 4–5) and via USPS certified mail at the Lindbergh Avenue address.  (Doc. No. 26 at 4.)  In addition, Selective successfully served All Best, care of United States Corporation Agent, personally, via Fed Ex, and via USPS certified mail at the agent's Harrisburg address.  (*Id.* at 9–11, 15–17; Doc. No. 25.)

Unsurprisingly, no representative for All Best appeared at the hearing on Selective's motion for default judgment.

## III.      DISCUSSION

"After a clerk enters default pursuant to Federal Rule of Civil Procedure 55(a) against a party that has 'failed to plead or otherwise defend' an action, the party may be subject to entry of a default judgment."  *Serv. Employees Int'l Union*, 325 F. Supp. 3d at 634 (quoting Fed. R. Civ. P. 55(a)).  The clerk may enter default judgment in a plaintiff's favor if "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation."  Fed. R. Civ. P. 55(b)(1).  "In all other cases, the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).

When the party files a motion to enter default judgment, the Court considers the three factors outlined by the Third Circuit in *Chamberlain v. Giampapa*:  "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."  210 F.3d 154, 164 (3d Cir. 2000); *see also, e.g.*, *Spurio v. Choice Sec. Sys., Inc.*, 880 F. Supp. 402, 404 (E.D. Pa. 1995) (same).  However, before turning to the *Chamberlain* factors, the Court must first "ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit

10

mere conclusions of law." *Serv. Emps. Int'l Union*, 325 F. Supp. 3d at 635 (quotation marks omitted).

### A.      The facts give rise to a legitimate cause of action.

Selective brings a claim for breach of contract against All Best (Doc. No. 1 at 32–36), and it seeks rescission of the contract (*id.* at 39–44).[6]  The Court addresses each in turn.

Beginning with breach of contract, "[i]t is well-established that three elements are necessary to plead a cause of action for breach of contract:  (1) the existence of a contract, including its essential terms, (2) a breach of the contract; and (3) resultant damages." *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016).  As to the first two elements, Selective submitted a copy of its Policy with All Best.  (Doc. No. 1-3.)  And it alleges that All Best breached the Policy's cooperation clause when it provided false contact information, rendering it impossible for Selective to request All Best's assistance in putting on a defense.  (*See* Doc. No. 1 at 34); *see Forest City Grant Liberty Assocs. v. Genro II, Inc.*, 652 A.2d 948, 951–52 (Pa. 1995) ("An insured's duty to cooperate is breached where the insured neglects to disclose information needed by the insurer to prepare a defense, does not aid in securing witnesses, refuses to attend hearings or to appear and testify at trial or otherwise fails to render all reasonable assistance necessary to the defense of the suit." (quotation marks omitted)); *Conroy v. Commercial Casualty Ins. Co.*, 140 A. 905, 907–08 (Pa. 1928) ("If the insured refuses to give any information, so that the company is unable to make defense, it cannot be said there is co-operation, and in that case, a recovery should be denied. . . .  The same is true if he absents himself so that his evidence cannot be taken advantage

---

[6] Initially, Selective also requested declaratory judgments that it had no duty to defend or indemnify All Best in the DiRenzi and Gomes actions.  (Doc. No. 1 at 36–39.)  However, because Selective has settled both underlying state court actions, those requests are moot.

of."); *Champion v. Chandler*, No. 96cv7263,1999 WL 820460, at *2 (E.D. Pa. Sept. 29, 1999)

("The failure of either Green or Chandler to provide Nationwide with *any* substantive material

amounted, as a matter of law, to a substantial breach of cooperation provision.").

As for the last element, Selective alleges it was damaged by All Best's breach in that All

Best's refusal to cooperate prevented Selective from meaningfully participating in the state court

legal proceedings, including the investigation of threshold facts and participation in discovery.

(*See* Doc. No. 1 at 35.)  Indeed, in its motion for default judgment, Selective outlines the

substantial prejudice it suffered in the DiRenzi action because of All Best's actions:

> As a result of All Best's refusal to cooperate, Selective suffered
> irreversible prejudice, particularly in the DiRenzi Action including:
> a) not being able to participate in fact discovery, which is no[w]
> closed; b) not being able to meaningfully respond to numerous
> motions filed; c) having to retain new counsel for All Best's defense
> in the middle of the lawsuit when prior counsel withdrew due to the
> lack of cooperation; d) paying significantly more for All Best's
> defense; and e) ultimately having to settle the DiRenzi Action at
> private mediation for substantially more than it [should] have had to
> in order to protect the interests of All Best and avoid a trial with an
> empty chair.

(Doc. No. 18 at 12–13.)  Accordingly, the Court finds that Selective has stated a claim for breach

of contract.  *See Atl. States Ins. Co. v. Hunt*, No. 2642 Feb. Term 2004, 2005 WL 2338668, at *2

(Phila. Cnty. Ct. Comm. Pl. Sept. 19, 2005) (finding the insurance company showed breach of

the duty to cooperate where the insured failed to "provide[ ] any information to Atlantic States

regarding the accident," rendering "Atlantic States . . . unable to provide a meaningful defense"

in the underlying action).

Selective has also shown that rescission is an appropriate remedy for the breach.  To

"prevail on a rescission claim, an insurer must plead and prove that the defendant made a false

statement on the policy application, knew the statement was false, and that the statement was

12

material." *Gen. Ins. Co. of Am. v. Gross*, No. 97cv0220, 1997 WL 230800, at \*5 (E.D. Pa. May 1, 1997) (citing *Coolspring Stone Supply v. Am. States Life Ins.*, 10 F.3d 144, 148 (3d Cir. 1993)); *see also Bogatin v. Fed. Ins. Co.*, No. 99cv4441, 2000 WL 804433, at \*25 (E.D. Pa. June 21, 2000) ("Under Pennsylvania law an insurance policy is void or may be rescinded for misrepresentation if the insurer can establish by clear and convincing evidence the following three elements: (1) that the representation was false; (2) that the insured knew that the representation was false when made or made it in bad faith; and (3) that the representation was material to the risk being insured.").  Here, the allegations in Selective's Complaint show that All Best's representative likely used a fictitious name to knowingly and in bad faith lie on the application about the company's contact information.[7]  Such misrepresentations were material because Selective relies on this information when defending suits pursuant to its duties under the Policy.  (*See* Doc. No. 1 at 43 ("Selective would not have issued the Selective Policy to All Best if it knew that none of the contact information provided by All Best was correct as that leaves Selective with no (0) ability to fully investigate any claims submitted under the Selective Policy or to secure the insured's cooperation in responding to a claim or lawsuit against the insured . . . ."); *see also id.* at 41–42 (noting that the Policy itself states that it is being issued in reliance upon the representations made in the application); *cf. id.* at 38–39 (citing the Policy's cancellation and nonrenewal endorsement as allowing the "Selective Policy [to] be canceled from inception because as outlined above, All Best obtained the Selective Policy through

---

[7] It appears the misrepresentations on the application were part of a larger scheme to "to obtain[ ] certificates of insurance," which were used to win construction jobs, which were, in turn, filled by at-risk Brazilian immigrants, who were placed in "grave danger at unsafe worksites," before All Best's representatives absconded, leaving the insurers to defend suits brought by the injured workers.  (Doc. No 1 at 28, 42.)

fraudulent statements, omissions or concealment of facts material to the acceptance of the risk or to the hazard assumed by Selective").)

Because the Court finds that the facts presented by Selective give rise to a legitimate cause of action for breach of contract and show that the relief sought is warranted, the Court turns next to whether the *Chamberlain* factors support entry of default judgment against Defendants on these claims.

### B.    The *Chamberlain* factors support entry of default judgment.

As a reminder, the *Chamberlain* factors are: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." 210 F.3d at 164. These factors clearly weigh in favor of granting default judgment in this case.

First, Selective will be prejudiced if default judgment is denied. Notably, Selective was forced to defend and indemnify All Best in the DiRenzi and Gomes actions without All Best's cooperation. As detailed above, Selective has outlined the substantial prejudice it faced in the DiRenzi action as a result of All Best's breach of its duty to cooperate. At the declaratory judgment hearing, Selective's counsel suggested similar prejudice resulted from All Best's refusal to assist in the defense of the Gomes action. It is possible that other actions will be brought against All Best with similar results for Selective, and Selective will be unable to avoid those results because it cannot meaningfully pursue its contractual remedies in this action so long as All Best refuses to enter an appearance.

Second, All Best does not appear to have litigable defenses. As detailed above, Selective's facts establish a cause of action for breach of contract, and All Best has not put forth a defense in this action, let alone a litigable one. *See E. Elec. Corp. v. Shoemaker Constr. Co.*,

14

657 F.Supp.2d 545, 553 (E.D. Pa. 2009) ("Because [the defendants] have not asserted *any* defense, they certainly have not asserted a meritorious defense to [the] claims."); *Stevens v. Wiggins*, No. 90cv7038, 1991 WL 152960, at *2 (E.D. Pa. Aug. 6, 1991) ("A defendant establishes a meritorious defense when defendant's answer, if established at trial, would constitute a complete defense to the action." (quotation marks omitted)).  In addition, the Court sees no issues on the face of the Complaint with jurisdiction, venue, or the statute of limitations. (*See generally* Doc. No. 1.)  Indeed, the only potential defense apparent to the Court relates to improper service of All Best.  But, as detailed above, Selective properly served All Best's registered Pennsylvania agent with copies of the Complaint and summons.  *See* Fed. R. Civ. P. 4(h)(1)(B) ("[A] domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served . . . in a judicial district of the United States . . . by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . .").

Third, the Court finds that All Best's delay is due to its own culpable conduct.  As the Court has extensively detailed, the facts suggest that All Best fraudulently completed the application for insurance to avoid having to participate in personal injury litigation and by extension, insurance cases like this one.  Moreover, All Best, despite being served through its registered agent, has failed to defend itself in this action, which has been pending for more than a year, and likewise, failed to appear at the default judgment hearing.  On this record, the Court has no difficulty finding that All Best's delay is due to its own culpable conduct.  *See Kelly M. v. Luzerne Intermediate Unit*, 71 F. App'x 116, 118 (3d Cir. 2003) ("Jerrytone's conduct in failing to respond to the several personal notices he received from plaintiffs' counsel or to appear at

several hearings was culpable."); *Serv. Employees Int'l Union*, 325 F. Supp. 3d at 637 (explaining that "culpable conduct" refers to conduct "taken willfully or in bad faith," and finding that "Defendant's failure to respond to the complaint and failure to attend the hearing were both 'willful,' in the sense that Defendant accepted service of the complaint and the order setting the hearing and therefore was aware of the complaint and the hearing" but still failed to appear or otherwise respond to the complaint); *cf. Spurio*, 880 F. Supp. at 405 (finding no culpable conduct where the record "contain[ed] no evidence that defendant's two-day delay was intentionally dilatory or otherwise in bad faith").

Accordingly, the Court finds the *Chamberlain* factors weigh in favor of granting default judgment in this action.

## IV.    CONCLUSION

Because Selective has stated a legitimate cause of action for breach of contract, and the *Chamberlain* factors weigh in favor of granting default judgment, Selective's motion is granted. The Policy shall be deemed rescinded and Selective relieved of any duty to defend or indemnify All Best under its terms.

An appropriate order follows.

16